### NORTHWAY v. NORTHWAY.

DIVORCE—DESERTION—EVIDENCE.

> The testimony of the husband in divorce proceedings based upon the wife's alleged desertion, that he never assented to her leaving him, and that she went away against his will, supports a finding that the separation was against the will of the husband, although it appears from his cross-examination that he did not object to her taking her things and going, where his conduct in this respect is explained by his statement that he knew it would do no good for him to object.

Appeal from Ionia; Davis, J. Submitted February 3, 1898. Decided February 16, 1898.

Bill by Albert Northway against Laura A. Northway for a divorce. From a decree for complainant, defendant appeals. Affirmed.

*Chaddock & Scully*, for complainant.

*V. H. & H. H. Smith*, for defendant.

MOORE, J. The complainant was granted a decree of divorce upon the ground of desertion, from which decree the defendant appeals.

It is claimed by the solicitors for the defendant that:

"To constitute desertion which will be sufficient cause for a divorce, there must be satisfactory proof of three things: *First*, cessation of cohabitation; *second*, an intent in the mind of the defendant to desert; *and, third, that the separation was against the will of complainant.*"

It is admitted that the proof establishes the first two of these essentials, but it is claimed that the evidence does not show that the separation was against the will of the complainant. The proofs show that the defendant left the house of her husband at Smyrna, where they were then living, more than two years before the bill of complaint was filed. The defendant was sworn as a witness, and testified, in substance, that she would never live with her husband again, and that she so determined when she left Smyrna. The husband testified that he never consented to her moving, and that she took her things away against his will. It is true, on the cross-examination he testified that he did not object to her taking her things and going, and did not forbid the man who moved her furniture from doing so; but he added, as explanatory of his conduct, that he knew it would do no good for him to object. The circuit judge had the witnesses and parties before him. He saw their manner in giving their testimony, and came to the conclusion—which we think is fairly warranted by an examination of the record—that complainant had proven his case.

The decree is affirmed.

The other Justices concurred.